# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

YENNIER MONTERO (A No. 246-041-771),

Petitioner,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,

Respondents.

Case No. 1:26-cv-02863-JLT-CDB

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Yennier Montero is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or about October 5, 2022, where he was encountered and released on parole.[1] (*See* Doc. 1 at 2; Doc. 6 at 2.) On October 26, 2023, Petitioner applied to adjust status under the Cuban Adjustment Act, which remains pending

---

[1] Respondents indicate that Petitioner was previously "release[d] in the discretion of DHS." (Doc. 6 at 2.) Petitioner also attached a copy of a parole card he received on or around October 2022, when he entered the United States from Cuba. (*See* Doc. 1-1 at 4.)

before the immigration court. (Doc. 1 at 2, 8; *see also* Doc. 1-1 at 5.) On March 10, 2026, Petitioner was pulled over by the police during a traffic stop in Florida. (Doc. 1 at 2.) Petitioner claims that at the time he was stopped, he had a valid driver's license and car insurance, and that Florida police did not issue a ticket to him that day. (*Id.*) Despite this, Florida authorities contacted U.S. Immigration and Customs Enforcement to detain him. (*Id.*) Petitioner has no criminal history, nor is there any indication in the record that Petitioner now poses a flight risk or danger to the community. (Doc. 1 at 2, 9; Doc. 1-1 at 6.) Respondents offer no evidence or argument to the contrary. (*See* Doc. 6.) Petitioner is currently detained at the Mesa Verde Detention Center in Bakersfield, California. (Doc. 1 at 6.) On April 15, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that his due process rights have been violated. (Doc. 1 at 11.) On April 16, 2026, Respondents filed a response to the habeas petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(1). (Doc. 6 at 1.)

## II.       LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.       DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 11–18.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 6 at 1–2.) Courts nationwide, including this one, have rejected

Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

**IV.    CONCLUSION AND ORDER**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

3.    The Clerk of Court is directed to serve the Mesa Verde Detention Center in Bakersfield, California with a copy of this Order.

///

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: __**April 28, 2026**__

UNITED STATES DISTRICT JUDGE